UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RASHAAD MCKINNEY,            )<br>                                                     )<br>               Petitioner,          )<br>                                                     )<br>     v.                                             )<br>                                                     )<br>UNITED STATES OF AMERICA,  )<br>                                                     )<br>               Respondent         ) | 1:18-cr-00084-JAW-3 |

### RECOMMENDED DECISION ON PETITION FOR
### POSTCONVICITON RELIEF

Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2241. (Motion, ECF No. 408.) Petitioner, who is evidently serving a sentence in a federal correctional facility in Pennsylvania, contends the Bureau of Prisons has improperly calculated his good time credit.

Rule 1(b) of the Rules Governing Section 2254 Cases provides that the Court may apply the rules to habeas petitions not governed by 28 U.S.C. § 2254.  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

After a court imposes a sentence, the Bureau of Prisons is responsible for the calculation of the sentence.  *See* 18 U.S.C. § 3624(a)-(b); *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) ("Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and

applying appropriate good time credit."). Petitioner may challenge the calculation through a § 2241 motion. *Francis v. Maloney*, 798 F.3d 33, 36 (1st Cir. 2015). However, "§ 2241 petitions challenging the execution of a federal sentence generally must be filed in the district of confinement . . . ." *Massaquoi v. Thomas*, 545 F. App'x 118, 119 n.1 (3d Cir. 2013); *see also*, *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement"); *Ross v. Veach*, 218 F. App'x 508, 509 (7th Cir. 2007) (distinguishing between challenges to the administration of a sentence, including the calculation of "good-time credits," which are required to be filed in the district of custody, and challenges to the sentence itself, which must be filed with sentencing court).

Although Petitioner was sentenced in the District of Maine, Petitioner does not appear to have been in custody within the District of Maine when he filed the petition. Accordingly, I recommend the Court dismiss the matter without prejudice or transfer the matter to a court in the district of custody.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                            <u>/s/ John C. Nivison</u>
                                            U.S. Magistrate Judge

Dated this 5th day of May, 2022.