UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RASHAAD MCKINNEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:18-cr-00084-JAW-3 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S RECOMMENDED DECISION**

A petitioner serving a seventy-seven-month term of imprisonment for drug conspiracy and conspiracy to violate federal firearms law brings a habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prison's calculation of his good time deductions.  The Court affirms the Magistrate Judge's recommended decision and dismisses the petitioner's motion without prejudice because the petitioner has not exhausted his administrative remedies and because the Court does not have authority over the calculation of good time deductions.

**I.     BACKGROUND**

On February 26, 2019, Rashaad McKinney pleaded guilty to one count of drug conspiracy in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(c), 846 and one count of conspiracy to violate federal firearms laws in violation of 18 U.S.C. §§ 371, 922(a)(5), (a)(6), 924(a)(1)(A).  *Min. Entry* (ECF No. 128); *Indictment* (ECF No. 2).  On February 18, 2020, the Court sentenced Mr. McKinney to seventy-seven months on the drug conspiracy charge and sixty months on the firearms charge, to be served concurrently;

three years of supervised release on both counts, also to be served concurrently; and a special assessment of $200.  *Min. Entry* (ECF No. 260); *J.* (ECF No. 264).

On May 3, 2022, Mr. McKinney filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging the calculation of his good time deductions.  *Mot. for Habeas Relief Under 28 U.S.C. § 2241* (ECF No. 408) (*Pet'r's Mot.*).  Mr. McKinney writes that he "wish[es] to challenge the way [his] sentence is being carried out" because he "[has] not received any good time credits per [the] First Step Act."  *Id.* at 1, 3.  He elaborates that "[he is] eligible and [his] recidivism level is a medium" and that "[t]he law states that medium and high recidivism [inmates] receive[] 10 days [of good time deduction] for every month of participation in evidence based programs."  *Id.* at 1.  Mr. McKinney notes that "[d]uring the last 23 months [he] ha[s] completed a[] minimum of 12 programs which all fall under the First Step Act" and he is "also enrolled in residential drug abuse treatment and the Threshold program."  *Id.* at 2.

On May 5, 2022, the Magistrate Judge issued a Recommended Decision recommending that the Court dismiss the petition without prejudice or transfer the matter to the district with jurisdiction.  *Recommended Decision on Pet. for Postconviction Relief* (ECF No. 409) (*Recommended Decision*).  The Magistrate Judge explained that "[a]fter a court imposes a sentence, the Bureau of Prisons is responsible for the calculation of the sentence" and the application of any good time credit.  *Id.* at 1 (citing 18 U.S.C. § 3624(a)-(b); *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992)).  While a petitioner is free to "challenge the calculation through a § 2241 motion," *id.* at 2, such "petitions challenging the execution of a

2

federal sentence generally must be filed in the district of confinement." *Id.* (quoting *Massaquoi v. Thomas*, 545 F. App'x 118, 119 n.1 (3d Cir. 2013)). The Magistrate Judge concluded that "[a]lthough Petitioner was sentenced in the District of Maine, Petitioner does not appear to have been in custody within the District of Maine when he filed the petition." *Id.* As a result, the Magistrate Judge recommended dismissal of the petition without prejudice or "transfer [of] the matter to a court in the district of custody." *Id.*

Mr. McKinney did not object to the Magistrate Judge's Recommended Decision.

## II. DISCUSSION

The Court reviewed the Magistrate Judge's Recommended Decision and concurs with the recommendations of the Magistrate Judge for the reasons set forth in that decision and as further elaborated here. The Court views the Recommended Decision as substantively correct, and the Court adopts and affirms the decision in its entirety. In addition to the Recommended Decision, to avoid another deficient petition and to explain why the Court is dismissing Mr. McKinney's petition as opposed to transferring it to the Middle District of Pennsylvania, the Court writes to inform Mr. McKinney of the requirement that he exhaust administrative remedies with the Bureau of Prisons (BOP) before he file a new petition to pursue a challenge to the BOP's good time deduction calculation.

The Court first notes that Mr. McKinney is not challenging his sentence, as imposed by this Court. Although a habeas corpus petition is the proper way for a federal inmate to challenge the execution of his sentence, the Magistrate Judge is

correct that Mr. McKinney has not filed his habeas corpus petition challenging the BOP's calculation of his good time deductions in the correct United States District Court. Mr. McKinney must file his petition in the district where he is currently incarcerated, not the district where he was sentenced. *See, e.g., Jennings v. Holt*, 326 F. App'x 628, 630 (3d Cir. 2009) ("A § 2241 petition must be filed in the district where the petitioner is confined"). According to Mr. McKinney's motion, he is currently located at the Schuylkill Federal Correctional Institution in Minersville, Pennsylvania. The United States District Court for the Middle District of Pennsylvania, not this Court, is therefore the proper court in which to bring this motion.

In addition to filing his petition in the correct United States District Court, there is a further procedural requirement that Mr. McKinney should be aware of when challenging his good time deductions: exhaustion of his administrative remedies. "Although 28 U.S.C. § 2241 contains no express exhaustion requirement, '[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.'" *Ward v. White*, Nos. 1:19-CV-787 & 1:19-CV-862, 2019 U.S. Dist. LEXIS 107922, at *9 (M.D. Pa. June 26, 2019) (quoting *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998)).

In *Ward v. White* the court explained the proper procedure for exhausting administrative remedies:

> An inmate first must informally present his complaint to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the

4

> warden of the institution where he is confined. 28 C.F.R. § 542.14(a). If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office and the Central Office of the BOP. 28 C.F.R. §§ 542.15(a), 542.18. No administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office.

2019 U.S. Dist. LEXIS 107922, at *10-11 (quoting *Miceli v. Martinez*, No. 08-1380, 2008 U.S. Dist. LEXIS 71877, at *6-7 (M.D. Pa. Sept. 15, 2008)). It is only after these administrative steps with the prison and BOP offices have been exhausted that a federal prisoner may bring a habeas corpus petition in federal court. The Third Circuit imposes this administrative exhaustion requirement in order to: "(1) allow[] the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permit[] agencies to grant the relief requested conserves judicial resources; and (3) provid[e] agencies the opportunity to correct their own errors [to] foster[] administrative autonomy." *Id.* at *11 (quoting *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996)).

Relevant to Mr. McKinney's petition, both the Third Circuit and the Middle District of Pennsylvania have held that challenges to good time deductions are subject to this administrative exhaustion requirement. In other words, a federal prisoner must initially bring the dispute to the BOP, and only if they are unsuccessful may they file a habeas petition with the United States District Court in the district where they are incarcerated, which in Mr. McKinney's case is the United States District Court for the Middle District of Pennsylvania. *See Jackson v. Virgin Islands*, 272 F. App'x 179, 180-81 (3d Cir. 2008) (concluding that a challenge to the calculation of

good time credits is subject to administrative exhaustion requirements); *Broderick v. Howard*, No. 4:19-CV-02209, 2020 U.S. Dist. LEXIS 118723, at *3 (M.D. Pa. July 7, 2020) (explaining that a habeas petition seeking the award of additional good time credits should be dismissed because the petitioner did not exhaust his administrative remedies); *Luciano v. White*, No. 1:19-cv-348, 2019 U.S. Dist. LEXIS 83763, at *5 (M.D. Pa. May 17, 2019) (applying the administrative exhaustion requirement to a request for recalculation of good time credits under the First Step Act).

Mr. McKinney's confusion as to whether this Court has the authority to change the calculation of his good time deductions is understandable since it was this Court, and not the BOP, that sentenced him. However, because, as Mr. McKinney notes, the BOP is in charge of executing his sentence, he must bring his good time deduction issues first to the BOP. In this particular case, there is no evidence on the record or in Mr. McKinney's motion that he has exhausted his administrative remedies. As a result, the Court determines that it is appropriate to dismiss Mr. McKinney's motion without prejudice, rather than transfer it to the United States District Court for the Middle District of Pennsylvania, so that he may first exhaust his administrative remedies with the BOP before refiling in the correct court.

### III.  CONCLUSION

The Court AFFIRMS the Magistrate Judge's Recommended Decision on Petition for Postconviction Relief (ECF No. 409) and DISMISSES without prejudice Rashaad McKinney's Motion for Habeas Relief under 28 U.S.C. § 2241 (ECF No. 408).

SO ORDERED.

                                                   /s/ John A. Woodcock, Jr.
                                                   JOHN A. WOODCOCK, JR
                                                   UNITED STATES DISTRICT JUDGE

Dated this 6th day of June, 2022