Prob 12C
(6/19)

# UNITED STATES DISTRICT COURT
## for the District of Maine
## Petition for Warrant or Summons for Offender under Supervision

**Name of Offender:** Rashaad McKinney          **Case Number**: 0100 1:18CR00084

**Sentencing Judicial Officer**: Honorable John A. Woodcock, Jr., U.S. District Judge

**Date of Original Sentence**:  February 18, 2020

**Original Offense:**  Count 1: Conspiracy to Distribute and Possess with Intent to Distribute Heroin and Cocaine Base, 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C); and Count 7: Conspiracy to Violate Federal Firearms Laws, 18 U.S.C. §§ 371, 922(a)(5), 922(a)(6), and 924(a)(1)(A)

**Original Sentence:**  77 Months Imprisonment; 36 Months Supervised Release

**Date of 1st Revocation:** July 21, 2023

**1st Revocation Sentence:** 20 Months Imprisonment; 36 Months Supervised Release

**Type of Supervision**:  Supervised Release

**Date Supervision Commenced:**  August 19, 2024

| **Assistant U.S. Attorney:** | **Defense Attorney:** |
|---|---|
| Joel Casey | Mark Peltier |

## PETITIONING THE COURT

☒ To issue a warrant/matter to be sealed pending arrest or until detainer is lodged.
☐ To issue a warrant/matter to be sealed pending arrest. Attachment to remain sealed after arrest.
☐ To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| One | **Violation of Mandatory Condition 1: You must not commit another federal, state, or local crime.** |

Prob 12C
(6/19)

| | | |
|---|---|---|
| | | According to an Auburn (ME) Police Department report, on **July 26, 2026, at approximately 3:00 a.m.,** officers responded a "suspicious condition" call at the defendant's reported address. |
| | | Officers heard yelling coming from the residence as they approached. The defendant answered the door and indicated he and the mother of his child, OF, were "in the midst of a domestic dispute." Officers observed, within the kitchen area, a large amount of "red-brown stains," on the floor of the apartment, as well as glass spread throughout the kitchen, apparently due to a glass kitchen tabletop being "smashed." Also in the kitchen, officers located the defendant's infant daughter, in a carrier on the ground. |
| | | Although she initially refused to address the officers, the alleged victim, OF, eventually exited a bedroom, and officers observed OF had sustained injuries to her face, including a cut on the bridge of her nose, as well as a bloodshot eye and broken blood vessels underneath her eyelid. Both OF and the defendant denied the injuries were a result of the defendant's actions. |
| | | In response to the above, the defendant was arrested and **charged with Domestic Violence Assault (Title 17-A, Section 207-A.1.A, Class D Felony), and Violation of Conditions of Release (Title 15, Section 1092.1.A, Class E Misdemeanor).** |
| | Two | **<u>Violation of Special Condition #2:</u> Defendant shall not use or possess any controlled substance, alcohol or other intoxicant; and shall participate in a program of drug and alcohol abuse therapy to the supervising officer's satisfaction.  This shall include testing to determine if Defendant has used drugs or intoxicants.  Defendant shall pay/co-pay for services during such treatment to the supervising officer's satisfaction.  Defendant shall not obstruct or tamper, or try to obstruct or tamper, in any way, with any tests.** |
| | | On **December 10, 2024**, the defendant submitted a drug test which was confirmed positive for the use of alcohol. |
| | | On **January 23, 2025,** the defendant failed to appear for a scheduled drug test. On the following date, he provided a drug test which was diluted and presumptive positive for the use of alcohol. |
| | | During a conversation with the defendant on **January 29, 2025,** he admitted he had consumed alcohol the week prior. He stated he was at a friend's house and consumed a "cup" of liquor, after his friend, who was also consuming liquor, offered him the same. |
| | | In response to these violations, on **February 4, 2025**, the U.S. Probation Office filed a request to modify the defendant's conditions to include a period of sixty days of remote alcohol testing. This request |

Prob 12C
(6/19)

Petition for Warrant or Summons
for Offender Under Supervision

|  | was granted by the Court on February 5, 2025, and the defendant was set up on the device on February 11, 2025.<br><br>On March 17, 2025, the defendant admitted he had consumed alcohol, along with other associates consuming alcohol, on **March 15, 2025.** |
| --- | --- |

Prob 12C
(6/19)

Petition for Warrant or Summons
for Offender Under Supervision

**U.S. Probation Officer Recommendation:**

☒ The term of supervision should be:

    ☒ revoked.

    ☐ extended for {years} for a total of {years} years.

☐ the conditions of supervision should be modified as follows:

    I declare under penalty of perjury the foregoing is true and correct.

    Executed on: July 27, 2026

    Respectfully Submitted,

    By:

    Toni Baker
    U.S. Probation Officer

Reviewed:

Melanie Holton
Supervisory U.S. Probation Officer
7/27/2026

Prob 12C
(6/19)

Petition for Warrant or Summons
for Offender Under Supervision

## SUPERVISED RELEASE VIOLATION
## COVER SHEET

**Name:**  Rashaad McKinney

 **Y/O/B**:        1991

**Offense(s) of Conviction and Classification:** Count 1: Conspiracy to Distribute and Possess with Intent to Distribute Heroin and Cocaine Base 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C), class C Felony; and Count 7: Conspiracy to Violate Federal Firearms Laws 18 U.S.C. §§ 371, 922(a)(5), 922(a)(6), and 924(a)(1)(A), class D Felony

**Original Sentence**: 77 Months Imprisonment; 36 Months Supervised Release

**Date Imposed**: February 18, 2020

**1st Revocation Sentence:** 20 Months Imprisonment; 36 Months Supervised Release

**Date Imposed:** July 21, 2023

**Available Penalties for Current Violation (with statutory reference)**: Counts 1 and 7: Two Years Imprisonment, per violation, 18 U.S.C. § 3583(e)(3).

**Additional Period of Release:** Count 1: Up to Life, 18 U.S.C. § 3583(h); and Count 7: 16 Months (not more than three (3) years, less any term of imprisonment imposed upon revocation of supervised release 18 U.S.C. § 3583(h))

Supervising U.S. Probation Officer
Toni Baker